UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>ANDRENA DIANE CROCKETT<br>DEBTOR/APPELLANT | Civ. Action No. 19-2944 (EGS)<br><br>Bankr. Case No. 19-101 (Chapter 13) |

**MEMORANDUM OPINION**

Andrena Diane Crockett ("Ms. Crockett") appeals the Bankruptcy Court's *Order Overruling Objection to Claim of Nationstar Mortgage LLC D/B/A Mr. Cooper* (the "Order Overruling Objection to Claim"); *Memorandum Decision and Order Granting Motion to Reconsider in Part, Sustaining Debtor's Objection to Nationstar's Proof of Claim in Part, and Otherwise Denying Debtor's Motion to Reconsider* (the "First Memorandum Decision"); and *Memorandum Decision and Order Granting Nationstar's Motion to Alter Order Regarding Debtor's Motion to Reconsider* (the "Second Memorandum Decision"). *See* Notice of Bankruptcy Appeal Record ("A.R."), ECF No. 2 at 155 (Order Overruling Objection to Claim), 166-73 (First Memorandum Decision); Suppl. Notice of Bankruptcy Appeal Record ("Suppl. A.R."), ECF No. 5 at 3-8.[1] Upon

---

[1] When citing electronic filings throughout this Opinion, this Court cites to the ECF page number, not the page number of the filed document.

1

consideration of the briefing, the applicable law, and the entire record, this Court **AFFIRMS** the Bankruptcy Court's Order Overruling Objection to Claim; **AFFIRMS** the Bankruptcy Court's First Memorandum Decision; and **AFFIRMS** the Bankruptcy Court's Second Memorandum Decision.

**I. Background**

Ms. Crockett is the owner of property located at 1249 Carrollsburg Place, SW, Washington, D.C. 20024 ("Carrollsburg Place Property"). *See* A.R., ECF No. 2 at 50-51 (Deed of Trust). She is also the borrower on a May 11, 2007 loan in the original amount of $340,000.00 secured by a Deed of Trust on the Carrollsburg Place Property. *See id.* at 46-49 (Note). The Deed of Trust is currently assigned to Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"). *See id.* at 73 (Certificate of Transfer/Assignment), 79 (Corporate Assignment of Deed of Trust).

On February 1, 2010, Ms. Crockett entered into a Loan Modification Agreement secured by the same property with a principal balance of $412,891.81. *See id.* at 81-86 (Loan Modification Agreement). She defaulted on the debt in June 2010. *See id.* at 31 (Proof of Claim).

Nationstar thereafter initiated a judicial foreclosure against Ms. Crockett in the Superior Court of the District of Columbia ("D.C. Superior Court"). *Id.* at 166 (First Memorandum

Decision). Ms. Crockett challenged Nationstar's accounting, so the D.C. Superior Court held an evidentiary hearing on January 19, 2017. *Id.* In a proceeding on June 8, 2017, that court concluded that Ms. Crockett's claims were not viable. *Id.* On October 25, 2017, the D.C. Superior Court dismissed Ms. Crockett's counterclaims. *Id.* at 166-67. Ms. Crockett appealed this order to the Court of Appeals for the District of Columbia ("D.C. Court of Appeals"). *Id.* at 167. That court affirmed the D.C. Superior Court's judgment on June 26, 2019. *Id.*

Meanwhile, on February 15, 2019, Ms. Crockett filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the Bankruptcy Court for the District of Columbia ("Bankruptcy Court"). *See id.* at 1. On April 5, 2019, Nationstar submitted its Proof of Claim, which shows Ms. Crockett owed $549,337.77 in total and $184,932.67 to cure the default as of the petition date. *See id.* at 26-90 (Proof of Claim).

Ms. Crockett filed an Objection to Creditor, Nationstar Mortgage LLC, Proof of Claim ("Objection"), challenging Nationstar's accounting in the Proof of Claim and alleging that Nationstar failed to file all the required documents. *See id.* at 96-99 (Objection). The Bankruptcy Court held a hearing on the Objection on July 18, 2019. *See id.* at 156, 157 (audio recordings of hearing attached to PDF documents). In an oral decision, the Bankruptcy Court determined that Ms. Crockett did

3

not meet her burden to show that there was an error with Nationstar's Proof of Claim. *See id.* at 155-57. The Bankruptcy Court entered its order—the Order Overruling Objection to Claim—on July 22, 2019. *See id.* at 155 (Order Overruling Objection to Claim).

On August 5, 2019, Ms. Crockett filed a Motion to Reconsider [the Order] Overruling Debtor's Objections to Creditor's Proof-of-Claim ("Motion to Reconsider"). *See id.* at 158-64 (Motion to Reconsider). There, she argued that: (1) the Bankruptcy Court impermissibly relied on a decision that the D.C. Court of Appeals entered after the automatic stay was in place; and (2) the Bankruptcy Court did not address all the issues she raised in her Objection briefing. *See id.* at 158-63.

On September 20, 2019, the Bankruptcy Court issued its First Memorandum Decision, reversing its Order Overruling Objection to Claim in part and reducing Nationstar's claim by $1,289.18. *See id.* at 166-73 (First Memorandum Decision). Then, on October 7, 2019, Nationstar filed its Rule 9023 Motion seeking reconsideration of the Bankruptcy Court's First Memorandum Decision. *Id.* at 175-77 (Rule 9023 Motion). The Bankruptcy Court reversed its First Memorandum Decision in the Second Memorandum Decision on December 11, 2019. *See* Suppl. A.R., ECF No. 5 at 3-8 (Second Memorandum Decision).

Ms. Crockett filed a Notice of Appeal on September 26, 2019. *See* A.R., ECF No. 2 at 6. This appeal is ripe for review.

## II. Standard of Review

### A. Appeals of Decisions by the Bankruptcy Court

This Court has jurisdiction over appeals of decisions of the Bankruptcy Court. *See* 28 U.S.C. § 158(a)(1) (conferring jurisdiction on federal district courts "to hear appeals . . . from final judgments, orders, and decrees" of bankruptcy courts). On appeal from a bankruptcy court, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

A district court reviews a bankruptcy court's findings of fact only for indication that they are clearly erroneous. *Id.*; *see also In re Johnson,* 236 B.R. 510, 518 (D.D.C. 1999). "A finding [of fact] is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Johnson*, 236 B.R. at 518 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A bankruptcy court's legal conclusions, however, are reviewed *de novo*. *See In re WPG, Inc.,* 282 B.R. 66, 68 (D.D.C. 2002) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990)). The party seeking to reverse the bankruptcy court's

5

ruling bears the burden of proof and may not prevail by showing "simply that another conclusion could have been reached." *Id.* (internal quotation marks omitted).

### B. Pro Se Litigants

"[P]ro se litigants are not held to the same standards in all respects as are lawyers." *Roosevelt Land, LP v. Childress*, No. CIV.A. 05-1292(RWR), 2006 WL 1877014, at *2 (D.D.C. July 5, 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The pleadings of pro se parties therefore "[are] to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation and internal quotation marks omitted). Even so, "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). Pro se litigants must comply with federal and local rules. *See Jarrell*, 656 F. Supp. at 239; *Roosevelt Land*, 2006 WL 1877014, at *2.

## III. Analysis

### A. The Bankruptcy Court Addressed All the Issues Ms. Crockett Raised in Her Objection

Ms. Crockett argues that the Bankruptcy Court "committed an error of law and an abuse of discretion" because it did not address every issue she raised in her Objection and Prehearing

6

Brief. *See* Appellant's Br., ECF No. 8 at 17.[2] She states that the Bankruptcy Court considered only one of the sixteen claims she presented in her Prehearing Brief regarding Nationstar's inadequate accounting. *Id.* at 18. She also provides four examples of how Nationstar "ignored its obligations under the Federal Consumer Protection and Bankruptcy Code by maintaining an accounting system that was incapable of properly making payments in a Chapter 13 case." *Id.* at 17; *see also id.* at 17-18 (reviewing accounting inadequacies).

Nationstar suggests that this Court may not consider this argument because "the Bankruptcy Court's reasoning for its ruling is . . . not part of this Court's record on appeal." Appellee's Br., ECF No. 14 at 9. This is incorrect. As Nationstar acknowledges, *see id.*; the Bankruptcy Court rendered an oral decision at the conclusion of the evidentiary hearing held on July 18, 2019 and then documented its order in the Order Overruling Objection to Claim, *see* A.R., ECF No. 2 at 155. However, as Ms. Crockett states in her reply brief, *see* Appellant's Reply, ECF No. 16 at 7; that evidentiary hearing—

---

[2] Ms. Crockett also argues that the Bankruptcy Court did not address issues she raised in her Motion to Reconsider in its Order Overruling Objection to Claim. *See* Appellant's Br., ECF No. 8 at 17. This Court will not consider this part of her argument, as Ms. Crockett did not file the Motion to Reconsider the Order Overruling Objection to Claim until after the Bankruptcy Court issued its Order Overruling Objection to Claim.

7

along with the Bankruptcy Court's oral decision—is, in fact, part of the record on appeal, *see* A.R., ECF No. 2 at 156 (audio recording of first part of July 18, 2019 hearing attached to PDF document), 157 (audio recording of second part of July 18, 2019 hearing attached to PDF document). This Court therefore may consider the Bankruptcy Court's reasoning from its oral decision as it evaluates the Order Overruling Objection to Claim.

Nationstar also defends the substance of the Bankruptcy Court's Order Overruling Objection to Claim. Nationstar claims that the Bankruptcy Court made one of two possible conclusions: (1) that Ms. Crockett "did not meet her burden to negate the *prima facie* validity of the filed claim"; or (2) that Nationstar "proved the validity of the claim by a preponderance of the evidence." Appellee's Br., ECF No. 14 at 9. Nationstar does not cite any evidence from the record to support this argument. *See generally id.* at 8-9.

Upon review of the record, this Court concludes that the Bankruptcy Court considered all issues Ms. Crockett raised in her Prehearing Brief in its Order Overruling Objection to Claim. *See* A.R., ECF No. 2 at 156-57. To successfully object to Nationstar's Proof of Claim, Ms. Crockett needed to "produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.

8

1992). The Bankruptcy Court considered the following evidence from Ms. Crockett: the Objection, the Prehearing Brief, 12 exhibits presented at the evidentiary hearing, and Ms. Crockett's testimony at the hearing. *See* A.R., ECF No. 2 at 156-57. At the conclusion of the hearing, the Bankruptcy Court determined that: (1) the D.C. Superior Court had already decided most of Ms. Crockett's objections in Nationstar's favor; (2) the remaining objection—concerning the fees Nationstar charged following the D.C. Superior Court's decision—failed because the more recent fees were of the same character and of similar amounts as the fees that the D.C. Superior Court had already adjudicated; and (3) Ms. Crockett had not produced sufficient evidence to meet her burden of proof to show an error in the Proof of Claim. *See id.* at 157. Accordingly, this Court concludes that the Bankruptcy Court appropriately considered every issue Ms. Crockett raised in her Objection.

### B. The Bankruptcy Court Did Not Rely on the Memorandum Opinion and Judgment by the D.C. Court of Appeals

Ms. Crockett next argues that the Bankruptcy Court erred when it considered the Memorandum Opinion and Judgment issued by the D.C. Court of Appeals while the automatic stay was in place. *See* Appellant's Br., ECF No. 8 at 10-15.

Pursuant to 11 U.S.C. § 362, a bankruptcy filing "trigger[s] an automatic stay in" judicial foreclosure

9

proceedings. *Maddox v. Wells Fargo Bank, N.A.*, 374 F. Supp. 3d 146, 148 (D.D.C. 2019) (citing 11 U.S.C. § 362); *see also Giron v. Zeytuna, Inc.*, 597 F. Supp. 3d 29, 38 (D.D.C. 2022) (collecting cases). Here, Ms. Crockett filed her Chapter 13 bankruptcy petition on February 15, 2019. *See* A.R., ECF No. 2 at 1. This resulted in the judicial foreclosure proceedings initiated by Nationstar in D.C. Superior Court being automatically stayed that same day. At that time, the D.C. Superior Court had already concluded that Ms. Crockett's claims were not viable and issued an order dismissing her counterclaims. *See id.* at 167-68. The D.C. Court of Appeals did not issue its Memorandum Opinion and Judgment until after Ms. Crockett filed her bankruptcy petition. *See id.* at 168 (affirming decision of D.C. Superior Court on June 26, 2019).

Nationstar argues that the Bankruptcy Court did not rely on the Memorandum Opinion and Judgment by the D.C. Court of Appeals to render its Memorandum Decision. *See* Appellee's Br., ECF No. 14 at 10-11. This Court agrees with this assessment. In the First Memorandum Decision, the Bankruptcy Court expressly considered and rejected Ms. Crockett's argument that it had impermissibly relied on the decision by the D.C. Court of Appeals. *See* A.R., ECF No. 2 at 169-70. The Bankruptcy Court stated that it "did not rely on the holding of the [D.C.] Court of Appeals decision" and that the D.C. Court of Appeals decision

10

"was not a deciding factor in this court's overruling [Ms. Crockett]'s objections to Nationstar's Proof of Claim." *Id.* at 170. The Bankruptcy Court further clarified that it considered the D.C. Court of Appeals decision only "to find what issues had been litigated and decided in the [D.C.] Superior Court." *Id.* at 169-70.

Nevertheless, Ms. Crockett asserts that these statements "conflict[] with the many references" in the First Memorandum Decision to the D.C. Court of Appeals decision. Appellant's Reply, ECF No. 16 at 9; *see also* Appellant's Br., ECF No. 8 at 13-15 (listing references to the D.C. Court of Appeals decision in the First Memorandum Decision). This Court is persuaded, however, that each reference was appropriate. In its First Memorandum Decision, the Bankruptcy Court discussed the D.C. Court of Appeals decision twice: first in reviewing the procedural history of this case and the related litigation in the D.C. Courts; and second in discussing Ms. Crockett's argument about the D.C. Court of Appeals decision. *See* A.R., ECF No. 2 at 167-70. These references are consistent with the Bankruptcy Court's statement that it did not rely on the D.C. Court of Appeals decision.

Ms. Crockett also suggests that the Bankruptcy Court must have relied on the D.C. Court of Appeals decision because it "did not state what were the deciding factors in rendering the

11

decision." Appellant's Br., ECF No. 8 at 14. She further argues that the Bankruptcy Court did not consider the Proof of Claim or the evidence she submitted. *See id.* at 14-15. This Court is unpersuaded by these claims. In the First Memorandum Decision, the Bankruptcy Court explained the deciding factor in its decision: that Ms. Crockett "had not met her burden to show that there was an error with Nationstar's Proof of Claim, because [her] evidence was unclear and confusing." A.R., ECF No. 2 at 168. Accordingly, because the Bankruptcy Court did not rely on the Memorandum Opinion and Judgment by the D.C. Court of Appeals, this Court concludes that the Bankruptcy Court did not impermissibly rely on any decision issued while the automatic stay was in place.[3]

### C. The Bankruptcy Court Did Not Abuse Its Discretion by Denying Ms. Crockett's Motion to Reconsider Without Requiring Nationstar To Explain the Proof of Claim

Ms. Crockett contends that the Bankruptcy Court abused its discretion because it denied her Motion to Reconsider without requiring Nationstar "to explain the issues confusing to the [c]ourt." Appellant's Br., ECF No. 8 at 16. This argument misunderstands the procedural posture of the case, the burden on

---

[3] Ms. Crockett also makes several arguments regarding actions taken by the D.C. Superior Court and D.C. Court of Appeals in the judicial foreclosure proceedings. *See generally* Appellant's Br., ECF No. 8 at 10-12, 15. Because this appeal concerns only Bankr. Case No. 19-101, this Court will not reach those arguments.

12

the parties, and the Bankruptcy Court's conclusion. As Nationstar explains in its opposition briefing, *see* Appellee's Br., ECF No. 14 at 8-9; the Proof of Claim constitutes *prima facie* evidence of the validity of the amount of Nationstar's claim, *see* Fed. R. Bankr. P. 3001(f); and the objecting party—Ms. Crockett here—bore the burden of "produc[ing] evidence sufficient to negate the *prima facie* validity of the filed claim,"—that is, "evidence equal in force to the *prima facie* case," *In re Allegheny Int'l, Inc.*, 954 F.2d at 173. Accordingly, the Bankruptcy Court considered Ms. Crockett's Objection, her Prehearing Brief, the exhibits and testimony she presented at the evidentiary hearing, and her Motion to Reconsider, and it concluded that her evidence—not Nationstar's Proof of Claim—"was unclear and confusing." A.R., ECF No. 2 at 168.

Ms. Crockett also argues that this Court "should use 'the least sophisticated consumer' standard in assessing these claims." *Id.* (citing *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012); *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509-10 (6th Cir. 2007)). This standard applies to actions concerning the Fair Debt Collection Practices Act, *see Wallace*, 683 F.3d at 326; and is therefore inapplicable here.

13

### D. Nationstar Did Not Deceive the Bankruptcy Court to Reach the Second Memorandum Decision

Finally, Ms. Crockett asserts that the Bankruptcy Court "was deceived into committing an error of law and an abuse of discretion when Nationstar filed its" Rule 9023 Motion and supporting exhibits. Appellant's Br., ECF No. 8 at 18. She contends that Nationstar's submission of new evidence from 2013 "rais[es] the question whether [it] has other information, previously withheld" and makes the Proof of Claim inaccurate. *Id.*[4]

This Court is not persuaded that the Bankruptcy Court erred or abused its discretion. Ms. Crockett cites no authority—and this Court is unaware of any—that prevents Nationstar from supplementing its Proof of Claim in a Rule 9023 motion. *See generally id.* Ms. Crockett also fails to present any evidence showing that Nationstar deliberately withheld information to deceive the Bankruptcy Court. *See generally id.* Moreover, as Nationstar discusses in its opposition briefing, *see* Appellee's Br., ECF No. 14 at 12; the Bankruptcy Court reasonably found that Nationstar "set[] forth evidence demonstrating that the $1,289.18 item disallowed by the [First Memorandum Decision] ought to be allowed instead, and set[] forth an adequate basis

---

[4] Ms. Crockett also refers to errors in the "Alternation Foreclosure Agreement" but does not explain their relevance to this argument. Appellant's Br., ECF No. 8 at 18.

under Rule 59(e) for altering the [First Memorandum Decision]." Suppl. A.R., ECF No. 5 at 6. This Court therefore **AFFIRMS** the Second Memorandum Decision issued by the Bankruptcy Court.

## IV. Conclusion

For the foregoing reasons, this Court **AFFIRMS** the Bankruptcy Court's Order Overruling Objection to Claim; **AFFIRMS** the Bankruptcy Court's First Memorandum Decision; and **AFFIRMS** the Bankruptcy Court's Second Memorandum Decision. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
              **United States District Judge**
              **July 20, 2023**